Minute Order Form (_/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2144 | **DATE** | 3/24/2004 |
| **CASE TITLE** | Linda Martin vs. The Boeing Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Order. Because of the jurisdictional issue, both Section 1447(c) and Thomas, 740 F.2d at 488 mandate a remand of this action to the state court. This Court so orders. And because the issue is so plain, and because no reason appears why the action should not continue to be pursued expeditiously in the Circuit Court, the Clerk of this Court is ordered to mail the certified copy of the remand order forthwith (see this District Court's LR 81.2(b)).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed MAR 26 2004 | |
| ✓ | Docketing to mail notices. | | | 2 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 2004 MAR 25 PM 12:41 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA MARLIN LIE, et al., ) <br> ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE BOEING COMPANY, et al., ) <br> ) <br>         Defendants. ) <br> _____) <br> ) <br> CFM INTERNATIONAL, INC., ) <br> ) <br>         Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> P.T. GARUDA INDONESIA, ) <br> ) <br>         Third Party Defendant. ) <br> _____) <br> ) <br> THE BOEING COMPANY, ) <br> ) <br>         Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> P.T. GARUDA INDONESIA, ) <br> ) <br>         Third Party Defendant. ) | **DOCKETED** <br><br> MAR 2 6 2004 <br><br><br><br> MAR 2 6 2004 <br><br><br><br> No. 04 C 2144 |

<u>MEMORANDUM ORDER</u>

P.T. Garuda Indonesia ("Garuda") has filed what it labels a Notice of Removal, seeking to bring this action from the Circuit Court of Cook County, Illinois to this District Court. Because it is really an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C.



§1447(c)[1]), this Court sua sponte remands this action to its place of origin.

Garuda is a third party defendant in this action, having been targeted by defendants Boeing Company and CFM International, Inc. and not by any of the numerous plaintiffs. But Section 1446(a)(emphasis added) limits the power of removal to "[a] defendant or defendants desiring to remove any civil action," and our Court of Appeals has long been among the courts that adhere to what 16 Moore's Federal Practice §107.11[1][b] at 107-31 (3d ed. 2002) refers to as the "better view, consistent with the principle that removal jurisdiction is to be strictly construed,...that third party claims are not removable, because only a party defendant defending against claims asserted by a plaintiff ought to be able to remove." On that score see the discussion of the issue in Thomas v. Shelton, 740 F.2d 478, 486-88 (7th Cir. 1984), which has been adhered to whenever our Court of Appeals has had the occasion to consider the matter since then.

Because of that jurisdictional issue, both Section 1447(c) and Thomas, 740 F.2d at 488 mandate a remand of this action to the state court. This Court so orders. And because the issue is so plain, and because no reason appears why the action should not

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

continue to be pursued expeditiously in the Circuit Court, the Clerk of this Court is ordered to mail the certified copy of the remand order forthwith (see this District Court's LR 81.2(b)).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 24, 2004