DOCKETED
MAR 3 1 2004

FILED
MAR 2 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| LINDA MARLIN LIE, et al, <br><br> Plaintiffs, <br> v. <br><br> THE BOEING COMPANY, et al, <br><br> Defendants. | |
| CFM INTERNATIONAL, INC., a corporation, <br><br> Third-Party Plaintiff <br> v. <br><br> P.T. GARUDA INDONESIA, a foreign corporation, <br><br> Third-Party Defendant. | Judge: Milton I Shadur <br><br> Magistrate: Martin C. Ashman <br><br> Case No: 04 C 2144 |
| THE BOEING COMPANY, a corporation, <br><br> Third-Party Plaintiff, <br> v. <br><br> P.T. GARUDA INDONESIA, a foreign corporation, <br><br> Third-Party Defendant. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 31, 2004 at 9:15 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before The Honorable Milton I. Shadur,

5

Courtroom 2303 of the United States Courthouse located at 219 South Dearborn Street, Chicago, Illinois 60604, and present Third-Party Defendant P.T. Garuda Indonesia's Motion for Reconsideration of the Court's March 24, 2004 Order remanding this action to the Circuit Court of Cook County, Illinois, a copy of which is served herewith upon you.

March 29, 2004

P.T. GARUDA INDONESIA

By: _____
One Of Its Attorneys

Larry S. Kaplan, Esq.
Richard A. Walker, Esq.
Telly Andrews, Esq.
Kaplan & von Ohlen
120 N. LaSalle Street, 24th Floor
Chicago, Illinois 60602
(312) 345-3000 Tel.
(312) 345-3119 Fax
Attorneys for Third-Party Defendant
P.T. GARUDA INDONESIA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Third-Party Defendant P.T. Garuda Indonesia's Notice of Motion was served on each of the following parties by facsimile and by placing it in a properly addressed envelope and placing same in the United States Mail with First Class postage prepaid on March 29, 2004:

COUNSEL FOR PLAINTIFFS LINDA MARLIN LIE, ET AL.:
Donald J. Nolan
William A. Jaeger
The Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Tel.   (312) 630-4000
Fax   (312) 630-4011

COUNSEL FOR DEFENDANT THIRD-PARTY PLAINTIFF THE BOEING COMPANY

| | |
|---|---|
| John D. Dillow | William T. Cahill |
| Allison B. Kendrick | J. Bates McIntyre |
| Perkins Coie LLP | Perkins Coie LLC |
| 1201 Third Avenue, Suite 4800 | 224 S. Michigan Avenue, Suite 1300 |
| Seattle, Washington 98101-3099 | Chicago, Illinois 60604-2507 |
| Tel.   (206) 359-8000 | Tel.   (312) 341-1688 |
| Fax   (206) 359-9000 | Fax   (312) 341-1689 |

COUNSEL FOR DEFENDANT THIRD-PARTY PLAINTIFF CFM INTERNATIONAL, INC.
Sheila A. Sundvall
Lory Barsdate Easton
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
Tel.   (312) 853-7000
Fax   (312) 853-7036

_____
Daniel V. Santiago

Attorney for Third-Party Defendant
P.T. GARUDA INDONESIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION



MAR 3 1 2004

| | |
|---|---|
| LINDA MARLIN LIE, et al, <br><br> Plaintiffs, <br> v. <br><br> THE BOEING COMPANY, et al, <br><br> Defendants. | **FILED** <br><br> MAR 2 9 2004 <br><br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT |
| CFM INTERNATIONAL, INC., a corporation, <br><br> Third-Party Plaintiff <br> v. <br><br> P.T. GARUDA INDONESIA, a foreign corporation, <br><br> Third-Party Defendant. | Judge: Milton I Shadur <br><br> Magistrate: Martin C. Ashman <br><br> Case No: 04 C 2144 |
| THE BOEING COMPANY, a corporation, <br><br> Third-Party Plaintiff, <br> v. <br><br> P.T. GARUDA INDONESIA, a foreign corporation, <br> Third-Party Defendant. | |

**MOTION FOR RECONSIDERATION
OF THE COURT'S MARCH 24, 2004 ORDER OF REMAND**

Third-Party Defendant, P.T. Garuda Indonesia ("Garuda"), through its undersigned counsel,

1

5

moves this Court to reconsider and vacate its March 24, 2004 Order remanding this action to the Circuit Court of Cook County, Illinois. The Court's Order, which was issued without the benefit of briefing, is silent regarding binding Seventh Circuit precedent concerning removal of a state court action by a foreign sovereign within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. See In re Air Crash Disaster Near Roselawn, Indiana, 96 F.3d 932, 943 (7th Cir. 1996). Specifically, the Court may not have been aware of the following matters in remanding this case:

1. Garuda removed this action pursuant to 28 U.S.C. §§ 1330 and 1441(d). Section 1330(a) provides, in part, that the "district courts shall have original jurisdiction without regard to the amount in controversy of <u>any nonjury civil action against a foreign state</u> as defined in section 1603(a) of this title[.]" (Emphasis added)

2. Section 1441(d) provides, in part, that "<u>any civil action</u> brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States[.]" (Emphasis added) The statute provides that any action may be removed. The statute does not limit the foreign state's removal to only those actions in which it is a defendant to a first party action.

3. Remand of this case to the Circuit Court of Cook County deprives Garuda, a "foreign state" as defined under 28 U.S.C § 1603(a) and (b), of its right to have a civil action against it heard in the United States District Court. The Notice of Removal clearly avers at ¶ 10 that Garuda is a "corporate entity organized and existing under the laws of the Republic of Indonesia; that it is 100% owned by the Republic of Indonesia;

2

and that it is not a citizen of any state of the United States, bringing it within the scope of 28 U.S.C. § 1603."

4. Controlling Seventh Circuit authority specifically states that the entire action may be removed to the United States District Court by a foreign state. In re Air Crash Disaster Near Roselawn, Indiana, 96 F.3d at 943. Remand of an action removed by a third-party defendant pursuant to 28 U.S.C. § 1441(d) was not addressed by the Seventh Circuit in Thomas v. Shelton, 740 F.2d 478 (7th Cir. 1984), the case relied upon by the Court to remand this matter sua sponte.

In further support of its Motion for Reconsideration, Garuda files simultaneously herewith its Memorandum of Points and Authorities in Support of Motion for Reconsideration of the Court's March 24, 2004 Order of Remand.

WHEREFORE, Third-Party Defendant, P.T. Garuda Indonesia, requests that this Court (1) vacate its March 24, 2004 Order remanding this action to the Circuit Court of Cook County, (2) reinstate this action as properly removed to this Court pursuant to 28 U.S.C. § 1441(d) and (3) direct the Clerk of this Court not to complete the remand process until further order of this Court in accordance with Local Rule 81.2(b).

March 29, 2004                                                P.T. GARUDA INDONESIA

By: _____
One Of Its Attorneys

Larry S. Kaplan, Esq.
Richard A. Walker, Esq.
Telly Andrews, Esq.
Kaplan & von Ohlen
120 N. LaSalle Street, 24th Floor
Chicago, Illinois 60602
(312) 345-3000 Tel.
(312) 345-3119 Fax
Attorneys for Third-Party Defendant
P.T. GARUDA INDONESIA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Third-Party Defendant P.T. Garuda Indonesia's Motion for Reconsideration of the Court's March 24, 2004 Order of Remand was served on each of the following parties by facsimile and by placing them in a properly addressed envelope and placing same in the United States Mail with First Class postage prepaid on March 29, 2004:

COUNSEL FOR PLAINTIFFS LINDA MARLIN LIE, ET AL.:
Donald J. Nolan
William A. Jaeger
The Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Tel.  (312) 630-4000
Fax  (312) 630-4011

COUNSEL FOR DEFENDANT THIRD-PARTY PLAINTIFF THE BOEING COMPANY

| | |
|---|---|
| John D. Dillow | William T. Cahill |
| Allison B. Kendrick | J. Bates McIntyre |
| Perkins Coie LLP | Perkins Coie LLC |
| 1201 Third Avenue, Suite 4800 | 224 S. Michigan Avenue, Suite 1300 |
| Seattle, Washington 98101-3099 | Chicago, Illinois 60604-2507 |
| Tel.  (206) 359-8000 | Tel.  (312) 341-1688 |
| Fax  (206) 359-9000 | Fax  (312) 341-1689 |

COUNSEL FOR DEFENDANT THIRD-PARTY PLAINTIFF CFM INTERNATIONAL, INC.
Sheila A. Sundvall
Lory Barsdate Easton
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
Tel.  (312) 853-7000
Fax  (312) 853-7036

_____
Daniel V. Santiago

Attorney for Third-Party Defendant
P.T. GARUDA INDONESIA


DOCKETED
MAR 3 1 2004

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA MARLIN LIE, et al,<br><br>        Plaintiffs,<br>v.<br><br>THE BOEING COMPANY, et al,<br><br>        Defendants. | **FILED**<br>MAR 29 2004<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| CFM INTERNATIONAL, INC., a corporation,<br><br>        Third-Party Plaintiff,<br>v.<br><br>P.T. GARUDA INDONESIA, a foreign corporation,<br><br>        Third-Party Defendant. | Judge:    Milton I Shadur<br><br>Magistrate:    Martin C. Ashman<br><br>Case No:    04 C 2144 |
| THE BOEING COMPANY, a corporation,<br><br>        Third-Party Plaintiff,<br>v.<br><br>P.T. GARUDA INDONESIA, a foreign corporation,<br><br>        Third-Party Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 24, 2004 ORDER OF REMAND**


5

## I.

## INTRODUCTION

Third-Party Defendant, P.T. Garuda Indonesia ("Garuda"), through its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion for Reconsideration of the Court's March 24, 2004 Order remanding this case in its entirety to the Circuit Court of Cook County, Illinois. The Court's Order, which was issued without the benefit of briefing, is silent regarding binding Seventh Circuit precedent concerning removal of a state court action by a foreign sovereign within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. See In re Air Crash Disaster Near Roselawn, Indiana, 96 F.3d 932, 943 (7th Cir. 1996) Specifically, the Court may not have been aware of the following matters in remanding this action:

1. Garuda removed this action pursuant to 28 U.S.C. §§ 1330 and 1441(d). Section 1330(a) provides in part that the "district courts shall have original jurisdiction without regard to the amount in controversy of <u>any nonjury civil action against a foreign state</u> as defined in section 1603(a) of this title[.]" (Emphasis added)

2. Section 1441(d) provides in part that "<u>any civil action</u> brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States[.]" (Emphasis added) The statute provides that any action may be removed. The statute does not limit the foreign state's removal to only those actions in which it is a defendant to a first party action.

3. Remand of this case to the Circuit Court of Cook County deprives Garuda, a "foreign

2

state" as defined under 28 U.S.C § 1603(a) and (b), of its right to have a civil action against it heard in the United States District Court. The Notice of Removal clearly avers at ¶ 10 that Garuda is a "corporate entity organized and existing under the laws of the Republic of Indonesia; that it is 100% owned by the Republic of Indonesia; and that it is not a citizen of any state of the United States, bringing it within the scope of 28 U.S.C. § 1603."

4. Controlling Seventh Circuit authority specifically states that the entire action may be removed to the United States District Court by a foreign state. In re Air Crash Disaster Near Roselawn, Indiana, 96 F.3d at 943. Remand of an action removed by a third-party defendant pursuant to 28 U.S.C. § 1441(d) was not addressed by the Seventh Circuit in Thomas v. Shelton, 740 F.2d 478 (7th Cir. 1984), the case relied upon by the Court to remand this matter sua sponte.

Accordingly, Garuda requests that this Court (1) vacate said Order, (2) reinstate this action as properly removed to this Court pursuant to 28 U.S.C. § 1441(d), and (3) direct the Clerk of this Court not to complete the remand process until further order of this Court in accordance with Local Rule 81.2(b).

## II.

## ARGUMENT

**A.  Garuda Is Entitled To Remove This Action Under 28 U.S.C. § 1441(d).**

28 U.S.C. § 1441(d) provides, in part, that "any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action

3

is pending." Section 1603(a) provides, in part, that a "foreign state" includes "an agency or instrumentality of a foreign state as defined in subsection (b)." Section 1603(b) provides further that an "agency or instrumentality of a foreign state" means any entity (1) which is a separate legal person; (2) a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof; and (3) which is not a citizen of a State of the United States. In ¶10 of its Notice of Removal, Garuda affirmatively avers the facts supporting its status as an agency or instrumentality of a foreign state.[1] Accordingly, Garuda is entitled to remove this action under § 1441(d).

**B. The Seventh Circuit Court Of Appeals Has Held That 28 U.S.C. § 1441(d) Allows A Third-Party Defendant To Remove The Entire Action From State Court To Federal Court.**

The Seventh Circuit Court of Appeals has held that 28 U.S.C. § 1441(d) allows a third-party defendant to remove an action from state court to federal court. In re Air Crash Disaster Near Roselawn, Indiana, 96 F.3d 932 at 943. There, the Court of Appeals held:

> The district court properly gave effect to the language and purpose of § 1441(d). In those cases in which ATR is named as a third-party defendant, it could remove the entire action, including the first complaint against the defendants upon which the third-party claims against ATR are premised.

Id.[2] Other federal Circuit Courts of Appeals have also held that 28 U.S.C. § 1441(d) allows a

---

[1] Paragraph 10 of Garuda's Notice of Removal states: "Garuda affirmatively avers that it is a corporate entity organized and existing under the laws of the Republic of Indonesia; that it is 100% owned by the Republic of Indonesia; and that it is not a citizen of any state of the United States, bringing it within the scope of 28 U.S.C. § 1603."

[2] Citing In re Air Crash Disaster Near Roselawn, Indiana, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdction 3d § 3729.1 (Removal in Cases Involving Foreign States and State-Owned Entities) states in part: "It appears that Section 1441(d) goes beyond the traditional construction of the removal statutes by allowing foreign states who are third-party defendants to remove claims against them. The removal court then may assert jurisdiction over

third-party defendant to remove an action from state court to federal court. Davis v. McCourt, 226 F.3d 506, 509 (6th Cir. 2000); In re Surinam Airways Holding Co., 974 F.2d 1255, 1259 (11th Cir. 1992); and Nolan v. Boeing Co., 919 F.2d 1058, 1064 (5th Cir. 1990).

C.  **The Scope Of Removal Contemplated Under 28 U.S.C. §1441(d) And Recognized By The Seventh Circuit's Decision In Roselawn Is Consistent With Its Decision In Thomas v. Shelton, 740 F.2d 487 (7th Cir. 1994).**

In Thomas, interpreting §1441(a) and (c), the Seventh Circuit stated that these two provisions did not permit a third-party to remove an action from state to federal court. However, the Court tempered its holding, declining to "adopt a universal rule" barring all third-party removals under these provisions. Id. at 487. Indeed, the Court suggested that, in certain instances, the removal provisions of §1441 may contain a "handhold" permitting third-party removals. Id. at 488. As the Seventh Circuit recognized in Roselawn, the removal provision of §1441(d) is one such "handhold" permitting a foreign sovereign - whether a defendant or third-party defendant - to remove the entire action to federal court. The scope of removal permitted under this provision is consistent with the purposes underlying under the FSIA:

> to create a uniform body of law (and minimize potential international friction) by establishing federal courts as the preferred forum for cases involving foreign states.

In Re Aircrash Disaster Near Roselawn, Indiana, 96 F.3d at 941-943. Moreover, the plain text of §1441(d) permits the removal of this action. Section 1441(d) permits a "foreign state" to remove an action. The scope of removal is not circumscribed under §1441(d) to "defendant or defendants" as in some other removal provisions such as §1441(a).

---

the entire case, or exercise its discretion to remand the main action to state court."

5

## III.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant, P.T. Garuda Indonesia, respectfully requests that this Court (1) vacate its March 24, 2004 Order remanding this action to the Circuit Court of Cook County, Illinois; (2) reinstate this action as properly removed to this Court pursuant to 28 U.S.C. § 1441(d); (3) direct the Clerk of this Court not to complete the remand process until further order of this Court in accordance with Local Rule 81.2(b); and (4) grant such further relief as it deems appropriate.

March 29, 2004

P.T. GARUDA INDONESIA

By: _____
One Of Its Attorneys

Larry S. Kaplan, Esq.
Richard A. Walker, Esq.
Telly Andrews, Esq.
Kaplan & von Ohlen
120 N. LaSalle Street, 24th Floor
Chicago, Illinois 60602
Telephone: (312) 345-3000
Facsimile: (312) 345-3119
Attorneys for Third-Party Defendant
P.T. GARUDA INDONESIA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Third-Party Defendant P.T. Garuda Indonesia's Memorandum of Points and Authorities in Support of its Motion for Reconsideration of the Court's March 24, 2004 Order of Remand was served on each of the following parties by facsimile and by placing them in a properly addressed envelope and placing same in the United States Mail with First Class postage prepaid on March 29, 2004:

COUNSEL FOR PLAINTIFFS LINDA MARLIN LIE, ET AL.:

Donald J. Nolan
William A. Jaeger
The Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Tel. (312) 630-4000
Fax (312) 630-4011

COUNSEL FOR DEFENDANT THIRD-PARTY PLAINTIFF THE BOEING COMPANY

John D. Dillow
Allison B. Kendrick
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Tel. (206) 359-8000
Fax (206) 359-9000

William T. Cahill
J. Bates McIntyre
Perkins Coie LLC
224 S. Michigan Avenue, Suite 1300
Chicago, Illinois 60604-2507
Tel. (312) 341-1688
Fax (312) 341-1689

COUNSEL FOR DEFENDANT THIRD-PARTY PLAINTIFF CFM INTERNATIONAL, INC.

Sheila A. Sundvall
Lory Barsdate Easton
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
Tel. (312) 853-7000
Fax (312) 853-7036

_____
Daniel V. Santiago

Attorney for Third-Party Defendant
P.T. GARUDA INDONESIA